# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| AMICUS MIAMI OF OHIO, LLC<br><br>  Plaintiff,<br><br>v.<br><br>HEATHER HOELZER KACACHOS and<br><br>THOMAS KACACHOS<br><br>  Defendants. | Case No. 2:22-cv-2320<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Jolson |

### MOTION FOR LEAVE TO FILE PLAINTIFF'S NOTICE OF CITIZENSHIP OF PLAINTIFF AND PLAINTIFF'S SUB-MEMBERS UNDER SEAL

  Plaintiff, Amicus Miami of Ohio, LLC, respectfully moves this Court, by and through counsel, to file under seal its notice documenting the citizenship of its sole member, Amicus II Investment Holdings LLC, and the sub-members of Amicus II Investment Holdings LLC, which is to be filed pursuant to this Court's Order entered on June 8, 2022. ECF No. 12. In support of this Motion, Plaintiff hereby states as follows:

  1. Plaintiff Amicus Miami of Ohio, LLC is organized under the laws of the State of Delaware with its principal place of business in New York. Its sole member is Amicus II Investment Holdings LLC.

  2. Amicus II Investment Holdings LLC is also a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York.

  3. The members of Amicus II Investment Holdings LLC are confidential. The entity is organized as an LLC, in part, to protect the identities of its members.

4. Moreover, the residences of the members of Amicus II Investment Holdings LLC are the members' private residences, as is necessary to establish the members' respective domiciles, and such addresses are not otherwise publicly available.

5. Plaintiff has the burden of demonstrating to the Court that the identity of its members and their personal, residential addresses ought to be sealed. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).

6. Although overcoming the presumption in favor of openness of public filings can be a heavy one, the presumption varies based on the weight of the public's interest in the subject matter of the litigation. *Id.*

7. Where a party can show a compelling reason why certain documents or portions thereof should be sealed, the Court may grant a sealing order that is narrowly tailored to the request. *Id.*

8. Here, the entirety of Plaintiff's Notice of Citizenship of Plaintiff and Plaintiff's Sub-Members should be sealed because the substance of the document does only two things:  list the sub-members of Plaintiff's sole member, Amicus II Investment Holdings LLC, and reveal the residential addresses of those sub-members to confirm to the Court that none of those members is a citizen of the State of Ohio.

9. Furthermore, the identities of the members that would be revealed are not direct members of Plaintiff Amicus Miami of Ohio, LLC but rather they are third parties that are not party to this litigation nor were they privy to the negotiations for, the execution of, or the compliance with the real estate contract that is the subject of this dispute.

10. Moreover, while there may be some public interest in the litigation itself, the subject matter of the litigation is a real estate contract for which Defendants will not uphold their end of the bargain, it is not a matter of great public interest.

11. The Sixth Circuit has recognized that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Specifically, the Sixth Circuit has held that there is a categorical exception to presumption in favor of the openness for court records when restricting access is necessary to "protect competing interests, including the privacy interests of participants or third parties." *Hardesty v. Kroger Co.*, No. 1:16-CV-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983).

12. Accordingly, Ohio courts have often granted motions to file under seal on the basis of protecting private personal information, such as the names and home address of both parties and non-parties, finding that this information is not always necessary to assist the public in its review of the judicial process. *See Hardesty v. Kroger Co.*, No. 1:16-CV-298, 2020 WL 3545676, at *2 (S.D. Ohio June 30, 2020); *Abraham, Inc. v. United States*, 18-cv-1306, 2020 WL 3173036, at *1 (S.D. Ohio, June 15, 2020). In particular, courts have underscored that the privacy concerns of third parties must be given serious attention and have found that this privacy interest can support sealing an array of private identifying information. *See Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021) (permitting private information of third parties, including email addresses, home addresses, phone numbers, and individual names, to be filed under seal).

13. And there should not be any meaningful, legitimate public interest in the subject matter of Plaintiff's filing itself, which details the membership of an LLC that is not the plaintiff in this case and lists the personal addresses of several individuals who also are not parties to this litigation. *See, e.g.*, *J&R Passmore, LLC, et al., v. Rice Drilling D, LLC*, , No. 2:18-CV-1587, 2022 WL 600807, at *3 (S.D. Ohio Mar. 1, 2022) (permitting the parties to file under seal personal employee information such as telephone numbers and email addresses because "the right to privacy for these third parties outweighs any interest the public may have in accessing the information"); *Ohio A. Philip Randolph Inst. v. Householder*, No. 1:18-CV-357, 2019 WL 3287985, at *2 (S.D. Ohio Mar. 2, 2019) (acknowledging that "[d]istrict courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including email addresses and phone numbers"); *see also Lane v. Paul Revere Life Ins. Co.*, No. 09 C 1420, 2009 WL 10740062, at *1 (N.D. Ill. July 17, 2009) (recognizing the public "interest in what goes on at all stages of a judicial proceeding" but ordering Plaintiff's home address, date of birth, email address, and phone number to be filed under seal).

14. For the foregoing reasons, Plaintiff respectfully requests to file under seal its Notice of Citizenship of Plaintiff and Plaintiff's Sub-Members.

Respectfully submitted,

*/s/ Aneca E. Lasley*
Aneca E. Lasley (0072366)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215-7509
(614) 462-1085
Aneca.Lasley@icemiller.com