# EXHIBIT J

Case: 1:22-cv-00355-JPH Doc #: 22-10 Filed: 07/05/22 Page: 2 of 7 PAGEID #: 758



1:33

‹ 21



**Heather Miami Of Ohio** ›

> I understand

> Send us a closing statement based on March 8th. That would help get things moving.

>> Thank you. As soon as Tom sends the prorations based March 8, we can that right over

> He's working on it

>> Ok thank you. We really appreciate it

> Also on the side agreements we need to come to a meeting of the minds on the non-compete. Obviously we would not be selling the best properties and then try to create our own business. However we don't want to get into a situation over a technicality and get sued for something dumb like a student living in the nonstudent. It just doesn't make sense to have this long period non-compete. If we wanted to compete we wouldn't sell. anybody can sue over anything and we don't want put our self in that type of situation.

iMessage

1:33

 21


**Heather Miami Of Ohio**



> Also on the side agreements we need to come to a meeting of the minds on the non-compete. Obviously we would not be selling the best properties and then try to create our own business. However we don't want to get into a situation over a technicality and get sued for something dumb like a student living in the nonstudent. It just doesn't make sense to have this long period non-compete. If we wanted to compete we wouldn't sell. anybody can sue over anything and we don't want put our self in that type of situation.

>> I agree

>> Please draft any language you think is appropriate

> That's what our hangup is about that

>> We are not trying to do any "I got you'd"

> I know but in our experience you just never know what can happen if things aren't explicitly in writing

> I think if you just tell Tom it's one year he will get over that. that seems to be

  iMessage 

       

**Heather Miami Of Ohio**

> I agree

> Please draft any language you think is appropriate

That's what our hangup is about that

> We are not trying to do any "I got you'd"

I know but in our experience you just never know what can happen if things aren't explicitly in writing

I think if you just tell Tom it's one year he will get over that. that seems to be a real sticking point with him.

By the way I am talking and texting since I'm still at the vet so my sentences may not seem very clear

> I understand you. Trust me we don't want to sue so if you insert language that makes you feel comfortable

> I think from lending perspective it's tough to move to 1 year. But we can add sentences saying whatever you want about having students live in your current properties etc

> Not an issue



**Heather Miami Of Ohio**

**Heather:** If you just tell Tom you'll change it to one year I think that's a huge hurdle you'll cross

**Heather:** 18 months?

**Heather:** I personally do not care I'm just letting you know what sticking points have occurred

**Me:** We can amend the language so you are comfortable, but it's not OK to reduce the non compete at this stage

**Heather:** Ugh

**Heather:** What is it currently set at?

**Heather:** I don't even know

**Me:** We've told Tom repeatedly to just share what he is comfortable with, and we would push it through. Also, provide a full car out of certain buildings

**Me:** Carve out

**Heather:** He just emailed you guys

**Me:** We're just trying to get on the phone so we can talk things out.

1:34

21

H

Heather Miami Of Ohio

We believe we have been very fair and are trying to work together. Rob and I are under the gun right now.

I understand

When you leave the vet can you please have Tom call us 🙏🏻

I'm going to stop at the office with the dogs and track him down

Thank you very much

I'm still at the vet

Still at the vet getting blood work done

Please let us know

When Tom is available

Heading to the office now

iMessage

