## ACQUISITION FEE AGREEMENT

This ACQUISITION FEE AGREEMENT (this "**Agreement**") is made as of the ___ day of _____, 2022 by and between AMICUS MIAMI OF OHIO LLC, a Delaware limited liability company having an address of 417 Lafayette, 7th FL, New York, NY 10003 (the "**Company**"), and Heather Hoelzer Kacachos and Thomas Kacachos, having a mailing address for the purpose of this Agreement of 3401 Lanes Mill Road, Oxford, Ohio 45056 (collectively, "**Seller Principals**").

WHEREAS, pursuant to that certain Purchase and Sale Agreement dated as of October 25, 2021, the Company has acquired a portfolio of student housing properties (collectively, "**Properties**"; each, a "**Property**") located in Oxford, Ohio market area (the "**Market**") from the Seller Principals;

WHEREAS, the Company desires to engage the Seller Principals with the acquisition of additional Properties all as set forth in, and subject to the terms of, this Agreement, and the Seller Principals desire to be so engaged.

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. <u>Engagement</u>. The Company hereby engages the Seller Principals, and the Seller Principals hereby accept an engagement to provide services to the Company related to the acquisition of additional Properties in the Market. It is understood and agreed, and it is the express intention of the parties to this Agreement, that the Seller Principals are independent contractors and not agents of the Company for any purpose whatsoever. The parties agree that all services to be performed by Seller Principals as set forth in Section 2 below (the "**Services**") shall be rendered at such time and place and in such manner (whether by conference call, letter or otherwise) as shall be mutually convenient to the Company and the Seller Principals, provided that the Seller Principals shall use commercially reasonable, good faith efforts in providing the Services contemplated hereby in a timely and expeditious manner.

2. <u>Duties</u>. The Seller Principals shall render the following services to the Company from time to time:

   (a) The Seller Principals will assist the Company's acquisition and deal sourcing efforts in the Market and will identify potential Properties for consideration by the Company or the Company's affiliates, and if the Company or the Company's affiliates elects to pursue an acquisition of a Property, the Seller Principals will assist with the negotiation of the purchase terms and related transactions, as may be directed by the Company. In order to qualify for compensation, the Seller Principals will provide the Company with a written introduction to acquisition candidates, which shall only include Properties as to which the Seller Principals have actively solicited and engaged in dialogue directly with the owners thereof proposing acquisition of such Properties by the Company (such candidates are hereinafter referred to as

14330316.3


EXHIBIT 5

"**Introduced Properties**"). The successful, fully consummated acquisition of an Introduced Property is hereinafter referred to as a "**Transaction.**" If a Transaction is consummated in connection with any Introduced Properties during the term hereof, or within twelve months after its expiration (the "**Eligible Period**"), the Company will compensate the Seller Principals as set forth in Section 6 below. No later than ten (10) days after the termination of this Agreement for any reason, the Seller Principals shall provide a list of all Introduced Properties to the Company for review, which list shall include a brief description of the Seller Principals' efforts with each such Property. In no event shall any Property not on such list be considered as an Introduced Property (and the Company reserves the right to object to any Properties on such list being considered an Introduced Property).

3. Term. The term of this Agreement shall be for a one year period commencing on the date of the execution of this Agreement by the parties, provided that the term of this Agreement shall automatically renew for successive one-year terms unless either party elects to terminate this Agreement at any time by no less than thirty (30) days prior written notice to the other party. The provisions of Sections 6 through 15 hereof shall survive termination of this Agreement..

4. Independent Contractor Status. The parties agree that, as the Seller Principals are independent contractors, (i) the Company will not withhold any taxes on their behalf, and (ii) the Seller Principals do not have any authority to assume or create obligations, express or implied, on behalf of the Company, and shall have no authority to represent the Company in any capacity other than as expressly herein provided. The Seller Principals are not authorized to commit the Company, or its affiliates to complete any Transaction without the prior written approval of the Company, in its sole discretion.

5. Authorization; No Conflict. Each of the parties warrants and represents to the other that it is authorized to enter into this Agreement, and that the performance of its obligations hereunder will not breach or conflict with any other agreement or understanding that such party or its affiliates is bound by or subject to.

6. Compensation. As compensation for the Seller Principals' services hereunder, the Company shall pay to the Seller Principals the following:

   (a) For each Transaction, the Company shall pay the Seller Principals an acquisition fee equal to (i) two percent (2%) of the aggregate purchase price for a Transaction with a purchase price less of $14,999,999 and less, and (ii) one percent (1%) of the aggregate purchase price for a Transaction with a purchase price of $15,000,000 and greater.

7. Expenses. The Seller Principals shall be responsible for their own expenses incurred in connection with providing the Services.

8. Non-Solicitation. The Seller Principals agree that during the Term and for a period of two (2) years following the termination or expiration of this Agreement, the Seller Principals shall not, directly or indirectly, for such party or on behalf of, or in conjunction with, any Third Party, solicit or induce, engage, or attempt to solicit or induce or engage any employee or independent

14330316.3

contractor of the Company to terminate such employment or engagement or otherwise interfere with the business of the Company.

9. Confidentiality. Except in the performance of its duties hereunder, the Seller Principals agree that they shall not disclose any of the Company's or its affiliates confidential or propriety information unless and until such information becomes generally known, nor shall the Seller Principals utilize any such information for any purpose except as set forth in Section 2 of this Agreement.

10. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of State of Ohio without giving effect to its principles of conflicts of law.

11. Notices. Any notices, requests, demands, and other communications (collectively, "Notices") under this Agreement shall be sent by first-class mail, or by nationally recognized overnight courier for overnight delivery, by personal delivery. All Notices shall be sent to the applicable party at the address provided therefore on the first page hereof, in all cases with postage or other charges prepaid. Any such properly given Notice shall be effective on the earliest to occur of receipt, one (1) business day after delivery to a nationally recognized overnight courier, or three (3) business days after deposit in the U.S. Mail.

12. Validity. If any provision hereof shall be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of any other provision hereof or any other portion of the invalid or unenforceable provision. To the extent required, any invalid or unenforceable provision of this Agreement, or any portion thereof, shall be deemed modified by the parties hereto to the minimum extent necessary to comply with applicable law and preserve the intent of the parties.

13. Nondisclosure. The terms of this Agreement shall be kept confidential and no party shall reveal its contents to any third party except as may be required by law, regulation or judicial, administrative or arbitral proceeding.

14. Assignment. This Agreement shall not be assignable by the Seller Principals for any reason whatsoever without the prior written consent of the Company.

15. Entire Agreement. This Agreement contains the entire understanding of the parties and cannot be altered or amended except by an amendment duly executed by all parties hereto. This Agreement shall be binding upon and inure to the benefit of the successors, and permitted assigns of the parties.

16. Representation by Counsel. The parties acknowledge that they have been represented by counsel, or afforded the opportunity to be represented by counsel, in connection with this Agreement. Accordingly, any rule or law or any legal decision that would require the interpretation of any claimed ambiguities in this Agreement against the party that drafted it has no application and is expressly waived by the parties. The provisions of this Agreement shall be interpreted in a reasonable manner to give effect to the intent of the parties hereto.

17. Counterparts. This Agreement may be executed in counterparts, each of which is deemed an original, and any party hereto may execute any such counterpart, all of which, when taken

14330316.3

together, constitute one and the same instrument.

*[Remainder of Page Intentionally Left Blank; Signatures Follow]*

14330316.3

IN WITNESS WHEREOF, the parties hereto have executed this Acquisition Fee Agreement effective as of the date first written above.

**The Company:**

AMICUS MIAMI OF OHIO LLC

By:_____
Name: Robert Abelson
Title: Authorized Signatory

**Seller Principals:**

_____
Heather Hoelzer Kacachos

_____
Thomas Kacachos

[*Signature page to Acquisition Fee Agreement*]

14330316.3