

Heather Kacachos <hkacachos@parkplacerealestate.net>

## Fwd: Voicemails re Contract Extension
1 message

**Tom Kacachos** <tkacachos@parkplacerealestate.net>  Thu, Mar 17, 2022 at 7:00 PM
To: Jack Grove <jgrove1251@gmail.com>, Heather Kacachos <hkacachos@parkplacerealestate.net>

---------- Forwarded message ---------
From: **Donald Lussier** <dlussier@pierceatwood.com>
Date: Thu, Mar 17, 2022, 6:33 PM
Subject: RE: Voicemails re Contract Extension
To: Rob Bolin <rob@bolintroy.com>, tkacachos@parkplacerealestate.net <tkacachos@parkplacerealestate.net>, tkacachos@gmail.com <tkacachos@gmail.com>
Cc: Rob Abelson <rob@amicus-properties.com>, Austin Brooks <austin@amicus-properties.com>, Peter Gelzinis <pgelzinis@pierceatwood.com>

Rob,

Thanks for your message. My clients instructed me to send the attached letter to you and your client (and to Attorney Grove, though I do not have an email address for him), so I am copying in your clients and mine toward that end.

The bottom line here is that the Buyer unfortunately is out of time to wait on an answer. The delay in getting an agreement here on the extension has now taken us to the point that if we wait until next week to hear from your client and they refuse to provide the extension, we may not have time to get the transaction closed. As noted in my letter, completing the transaction next week will involve a lot of work and cooperation between the parties, and a lot of work between the Buyer and our lender. So we are stuck having to assume that a closing next week is a real possibility, and need to instruct our lender to mobilize toward that end tomorrow in order to protect the Buyer's rights under the Purchase Agreement.

Short of the violation issue/proposed extensions, Buyer and Seller have worked out everything that they need to in order to close. We'll be following up tomorrow to finalize the ancillary documents as agreed to between our clients so that we can be in position to move forward next week.

Regards,

Don

**Donald Lussier**
PIERCE ATWOOD LLP

100 Summer Street
22nd Floor
Boston, MA 02110

PH 617.488.8124
FAX 617.824.2020
CELL 617.981.1851

dlussier@PierceAtwood.com  BIO >



EXHIBIT 7

This e-mail was sent from Pierce Atwood. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it please delete it and notify us as soon as possible.

**From:** Rob Bolin <rob@bolintroy.com>
**Sent:** Thursday, March 17, 2022 5:36 PM
**To:** Peter Gelzinis <pgelzinis@PierceAtwood.com>; Donald Lussier <dlussier@PierceAtwood.com>
**Subject:** Voicemails re Contract ExtensionR

***This message originated outside your organization***

Peter & Donald,

I'm following up on the voicemails today regarding the contract extension. I've spoken with my client and they are not yet ready to sign the extension. Tom & Heather are aware of the March 25 deadline, but they are waiting for Jack Grove to get back to them after doing a more thorough review of the issues with the City of Oxford. I hope to be back in touch soon.

Thank you,

Rob


**L. Robert Bolin,** Attorney at Law
OSBA Certified Specialist in Estate Planning, Trust and Probate Law

Bolin & Troy, LLC
29 N. Beech Street
Oxford, Ohio 45056
T: (513)523-6369  F: (513)523-1064
www.bolintroy.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and is confidential. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail or phone and then destroy all copies of the original message.

📎 **20220317184555650.pdf**
248K

# PIERCE ATWOOD ℠

**Donald G. Lussier**
100 Summer Street, 22nd Floor
Boston, MA 02110

**PH** 617.488.8124
**FX** 617.824.2020
dlussier@pierceatwood.com
pierceatwood.com

March 17, 2022

*VIA EMAIL*

Heather Hoelzer Kacachos & Thomas Kacachos
3401 Lanes Mill Road
Oxford, OH 45056

L. Robert Bolin, Esq.
Bolin & Troy, LLC
29 N. Beech Street
Oxford, OH 45056

Jack F. Grove, Esq.
1251 Nilles Road, Suite 10
Fairfield, OH 45014

Re: Limited Liability Company Membership Interest Purchase and Sale Agreement dated as of October 25, 2021, as amended to date (the "**Purchase Agreement**") by and between Heather Hoelzer Kacachos and Thomas Kacachos (collectively, the "**Seller**") and Amicus Miami of Ohio LLC (the "**Buyer**")

Ladies and Gentlemen:

Reference is made to the Purchase Agreement, and all initially capitalized terms used but not defined herein shall have the meanings set forth in the Purchase Agreement. As you are aware, this Firm represents the Buyer, and this letter is sent on the Buyer's behalf.

I am writing because of my, and my client's, concern over the Seller's reaction with respect to the recent violations issued with respect to the Property and, frankly, with how the Seller has handled its obligations under the Purchase Agreement over the past month or so. As you know, the parties had agreed to close the transaction contemplated by the Purchase Agreement on March 15, 2022, and the Buyer expended a great deal of time, effort, and money towards that end. The violation notices were apparently issued on February 25, 2022 based on inspections that occurred on or about January 12, 2022, and the Seller informed the Buyer of these violations on March 3, 2022. As a result, the Buyer was forced to put the closing process with its lender on hold, incurring additional costs as a result. The Seller informed the Buyer that it had engaged Jack Grove as counsel to appeal the violation notices, and the Buyer immediately asked for its counsel to be put in touch with Attorney Grove so that we could develop a better understanding of the basis of the appeal, likelihood of success, and expected timeframe for a resolution. The Seller ignored several requests for Attorney Grove to call me and my colleague Peter Gelzinis,

March 17, 2022
Page 2 of 2

and ultimately we had to get Jack Grove's contact information from Rob Bolin on March 10, 2022, a week later. Peter and Jack finally connected on March 15, 2022.

The Buyer also opened a conversation with the Seller about extending Closing, as a result of the issued violations for up to 90 days as the Purchase Agreement currently calls for a Closing by March 25, 2022. The Seller has verbally indicated that they were amenable to that request, and Peter sent Rob Bolin a simple amendment to effect the extension on March 15, 2022. We've received no substantive response, except that the Seller has engaged Attorney Grove to review the extension for them, but that he was focused on getting the appeals filed by the end of this week and would be in touch regarding the amendment on Monday. The Seller's response was puzzling, as the amendment request is very straightforward, and is in line with the verbal agreement of the parties that an extension was called for here. In addition, we were informed today that the appeals were actually filed yesterday.

As Rob and Austin have made clear on multiple occasions, the Buyer cannot afford to wait until next week to confirm that the extension is agreed to. If the Seller elects to not agree to the extension, the Buyer is then in a position where it needs to complete the Closing by the end of next week (subject to other rights and remedies the Buyer may have under the Purchase Agreement and applicable law, which are reserved). Completing the Closing next week would require a tremendous amount of effort and cooperation between the parties, and between the Buyer and its lender. Since the Seller has made clear that it will not provide feedback on the amendment until Monday, we are left with no choice but to prepare for a Closing next week and to explore our other rights and remedies under the Purchase Agreement. Accordingly, we would ask that the Seller provide an answer as soon as possible – and also advise the Seller that if it does intend to deny the extension request, the Seller needs to be prepared to complete its contractual obligations towards a Closing next week.

All rights are expressly reserved.

Regards,

Donald G. Lussier

cc: Robert Abelson
Austin Brooks
Peter Gelzinis, Esq.

{W11567724.1}