UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(Cincinnati)

| | |
|---|---|
| AMICUS MIAMI OF OHIO, LLC<br><br>    Plaintiff,<br><br>v.<br><br>HEATHER HOELZER KACACHOS<br><br>    And<br><br>THOMAS KACACHOS<br><br>    Defendants. | Case No. 1:22-cv-355<br><br>Judge Michael W. McFarland<br><br>Magistrate Judge Karen L. Litkovitz |

## AFFIDAVIT OF ANECA E. LASLEY

I, Aneca E. Lasley, attorney for Amicus Miami of Ohio, LLC ("Plaintiff"), being first duly sworn upon by oath, state as follows:

1. I am an adult, over the age of 21 years, and I am competent to testify to the matters set forth in this Affidavit.

2. Except as otherwise stated herein, I have personal knowledge of the matters asserted herein.

3. I am an attorney licensed to practice law in the State of Ohio, with attorney number 0072366.

4. I am an attorney practicing law with the firm of Ice Miller LLP, with its Ohio office located at 250 West Street, Suite 700, Columbus, Ohio 43215-7509 ("Ice Miller").

5. I represent Amicus Miami of Ohio, LLC ("Plaintiff") in the above-captioned matter and make this Affidavit in support of Plaintiff's response to Defendants' Answer and

1

Counterclaims to Plaintiff's First Amended Verified Complaint. *See* Defs.' Answer & Countercl., Dkt. 24.

6. On May 31, 2022, I requested Kara Cranford ("Ms. Cranford"), a legal services assistant who regularly provides support for attorneys in Ice Miller's Columbus Office, to file the above-captioned case in the United States District Court for the Southern District of Ohio Western Division, and the original filing was captioned in the header to reflect that it was being filed in the Western Division.

7. However, due to a clerical error, Ms. Cranford inadvertently commenced the suit in the Eastern Division rather than the Western Division.

8. We recognized the clerical error on the evening of May 31, 2022, and upon recognition of the issue I instructed Ms. Cranford to contact the Court immediately the next morning to notify the Court of the error and inquire as to what steps must be taken to rectify the error.

9. Ms. Cranford informed me that she spoke to the Clerk of the Court for the United States District Court for the Southern District of Ohio on June 1, 2022 at or around the start of business for the Court.

10. Ms. Cranford informed me via email that the Clerk of the Court had instructed her that "[t]he judge will automatically transfer if it is deemed it should be in Cincinnati. We do not have to do anything on our end." Exhibit 1.

11. To confirm, I informed Judge Michael H. Watson's clerk of the facts and circumstances surrounding the error as well as the advice Ms. Cranford received from the Clerk of the Court. Judge Watson's clerk did not indicate that any further action was required to remedy the filing error.

12. On June 1, 2022, I emailed Heather Hoelzer Kacachos & Thomas Kacachos at the email addresses tkacachos@parkplacerealestate.net and tkacachos@gmail.com, which were also provided in § 12.2 of the PSA, as well as their former real estate counsel, Mr. Grove, at jgrove1251@gmail.com. Pl.'s First Am. Verified Compl., Ex. A, § 12.2, Dkt. 22; Exhibit 2, pg. 1. In that email, I provided Defendants with a copy of the Complaint, Summons, Corporate Disclosure Statement, and Motion for TRO–and also inquired on whether "there is other counsel [they] want looped in." Exhibit 2, pg. 1. However, neither Defendants nor Mr. Grove ever replied to this email.

13. On June 2, 2022, I provided a copy of the email notification referenced in paragraph 12 to Erin Hassett, Judicial Law Clerk at U.S. District Court for the Southern District of Ohio, and I notified her that I had not received a response from Defendants or their former real estate counsel. *Id*.

14. On June 8, 2022, Defendants' Counsel Edward P. Akin ("Mr. Akin") filed a Motion to Transfer. Defs.' Motion to Transfer Case, Dkt. 13.

15. On June 10, 2022, Mr. Akin emailed me regarding the case, but he never mentioned the Motion to Transfer nor any other concerns related to venue. Exhibit 3, pgs. 2-3.

16. Mr. Akin did not consult with me prior to filing the Motion to inquire as to whether Amicus would agree to the transfer.

17. Had Mr. Akin asked, Plaintiff would have stipulated to the transfer.

18. After reviewing and responding to the Motion to Transfer, on June 15, 2022, I informed Mr. Akin that "[a]s you have likely seen from our filing, we are in agreement that this case should have been assigned to a judge in Cincinnati. We, in fact, raised this with the court from the outset." *Id.* at pg. 2.

19. On June 15, 2022, Mr. Akin replied to my email saying "[t]hanks for clarifying," *id.* at page 1, and did not otherwise communicate any issues or concerns related to the Motion or the filing in the Eastern Division generally prior to the filing of their Answer and Counterclaims. *See* Defs.' Answer & Countercl., Dkt. 24.

DATED: August 19, 2022

***I AFFIRM UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.***

*/s/ Aneca E. Lasley*
Aneca E. Lasley
