IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| AMICUS MIAMI OF OHIO, LLC, | : Case No. 1:22-cv-355 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| HEATHER KACACHOS, *et al.*, | : |
| Defendants. | : |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL (Doc. 14)**

The case is before the Court on Plaintiff's Motion for Leave to File Document Under Seal (Doc. 14), wherein Plaintiff sought leave to file a notice documenting Plaintiff's sole member and sub-members' citizenship under seal. However, prior to a decision on the motion from this Court, Plaintiff filed the Notice of Citizenship of Plaintiff and Plaintiff's Sub-Members (Doc. 16) on the public docket. Therefore, the Court construes Plaintiff's motion for leave as a motion to seal the Notice.

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown & Williamson*

*Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

Considering the private information contained within the Notice of Citizenship of Plaintiff and Plaintiff's Sub-Members (Doc. 16), Plaintiff has demonstrated that (1) compelling interests exist to seal the Notice, (2) such interests outweigh the public's interest in accessing the Notice, and (3) Plaintiff's request is narrowly tailored. Therefore, Plaintiff's Motion (Doc. 14) is **GRANTED**. The Clerk **SHALL SEAL** the Notice of Citizenship of Plaintiff and Plaintiff's Sub-Members (Doc. 16).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: */s/ Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND