# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| AMICUS MIAMI OF OHIO, LLC, | Case No. 1:22-cv-355 |
| | Judge Matthew W. McFarland |
| Plaintiff, | |
| v. | |
| HEATHER KACACHOS, et al., | |
| Defendants. | |

## ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 2) AND ISSUING A TEMPORARY RESTRAINING ORDER

This case is before the Court on Plaintiff's Motion for a Temporary Restraining Order (Doc. 2).[1] The motion is fully briefed and ripe for review. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) and **ISSUES** a temporary restraining order.

## FACTS

Defendants own the Park Place Portfolio near Miami University in Oxford, Ohio. (Am. Ver. Compl., Doc. 20, Pg. ID 431.) Plaintiff is "a purchaser and renovator of real estate predominately for the use of college housing and academic living experiences." (*Id.* at 427.) The two parties entered into a Purchase and Sale Agreement ("PSA") in October of 2021 for Park Place Portfolio. (*Id.*) The PSA provided that Defendants would sell

---

[1] Plaintiff seeks both a temporary restraining order and preliminary injunction in its motion (Doc. 2). However, the Court will only address the issue of a temporary restraining order at this juncture. Following an evidentiary hearing, the Court will adjudicate the issue of a preliminary injunction.

1

Plaintiff the Park Place Portfolio for 75 million dollars. (*Id.* at 428; *see also* PSA, Doc. 20-1.) Closing was set for March 24, 2022. (*Id.* at 428.)

Plaintiff has allegedly complied with all obligations under the PSA, including depositing and maintain $550,000 in escrow in partial satisfaction of the purchase price. (Am. Ver. Compl., Doc. 20, Pg. Id 428.) Additionally, "[Plaintiff] also completed diligence, secured financing, and took all of the other steps necessary for it to complete the purchase of the property on March 24." (*Id.*) However, Defendants have allegedly delayed closing for months. (*Id.*) Then, approximately six months following the parties entering into the PSA, Defendants informed Plaintiff that the 75 million dollars was not enough. (*Id.*) Plaintiff informed Defendants that it would not pay more than the already agreed to purchase price. (*Id.*) Defendants informed Plaintiff that it would not sell the property under the original terms of the PSA. (*Id.*) Shortly thereafter, Plaintiff filed suit. (*See* Ver. Compl., Doc. 1.)

## ANALYSIS

Federal Rule of Civil Procedure 65 empowers the Court to issue a temporary restraining order against an adverse party. Fed. R. Civ. P. 65(b). The purpose of issuing a temporary restraining order is to preserve the status quo. *CUC Properties, LLC v. 1680 Carillon, LLC*, No. 1:12-cv-71, 2012 WL 540560, *1 (S.D. Ohio Feb. 17, 2012). This Court must consider four factors when determining whether to grant or deny a temporary restraining order: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction (3) whether issuance of the injunction would cause substantial harm to others; (4) whether

the public interest would be served by issuance of the injunction." *Id.* (citing *Chabad of S. Oh. & Congregational Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004)). "These are factors to be balanced, not prerequisites that must be met." *U.S. v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).

Plaintiff brings multiple claims, including a breach of contract claim. "The moving party need only show a likelihood of success on the merits on one claim where there are multiple claims at issue in the complaint." *J.P. Morgan Securities, LLC v. Duncan*, No. 2:22-cv-11732, 2022 WL 3325514, *4 (E.D. Mich. Aug. 11, 2022). Under Ohio law, the essential elements of a breach of contract claim are: "(1) the existence of an enforceable contract; (2) the performance (or excuse from performance) of the contractual obligations by the party seeking relief; (3) breach or failure to fulfill contractual obligations by the other party; and (4) damages suffered by the party seeking as a result of the breach." *CUC Properties*, 2012 WL 540560 at *2. Considering the evidence provided to the Court at this juncture, Plaintiff has established each element. Based on the Amended Verified Complaint and exhibits attached thereto, the Court finds that the record shows a strong likelihood that the PSA is enforceable, that Plaintiff performed, that Defendants breached, and that Plaintiff suffered damages due to such breach. Thus, Plaintiff has established, for the purposes of a temporary restraining order, a strong likelihood of success on the merits of its breach of contract claim.

Plaintiff has established irreparable harm. "A plaintiff's harm from the denial of preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir.

3

2007). This Court has found that, because "particular pieces of real property [are] unique[,]" a party will suffer irreparable harm without injunctive relief enjoining the sale of property. *Baker v. People's Choice Home Loan, Inc.*, No. 3:10-cv-327, 3010 WL 3447614, *7 (S.D. Ohio Aug. 27 2010) ("The Court concludes Plaintiff has established that she will probably suffer irreparable harm without injunctive relief based on the usual willingness of equity courts to treat particular pieces of real property as unique"). Therefore, the Court finds that Plaintiff has established that it will suffer irreparable harm without injunctive relief.

Lastly, the third and fourth factors weigh in favor of a temporary restraining order. Such injunctive relief only preserves the status quo. Thus, Defendants will not suffer an undue burden at this stage. Additionally, this Court has held that self-inflicted harm to a Defendant does not preclude injunctive relief. *Cooey v. Taft*, 230 F.Supp.2d 702, 708 (S.D. Ohio 2006). The public interest is also served by "enforcement of voluntarily assumed contract obligations." *Certified Restoration Dry Cleaning Network*, 511 F.3d at 551. Thus, substantial harm will not be caused to others and the public interest will be served by issuing a temporary restraining order.

Therefore, the Court finds the four factors weigh in favor of granting a temporary restraining order at this stage in the litigation.

Defendants request that, if this Court were to grant injunctive relief, Plaintiff should be required to post bond in accordance with Fed. R. Civ. P. 65(c). Rule 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs

4

and damages sustained by any party found to have been wrongfully enjoined or restrained." However, "[t]he amount of security required and whether a bond is needed is up to the discretion of the district court." *Bunn Enterprises, Inc. v. Ohio Operating Engineers Fringe Ben. Programs*, No. 2:13-cv-357, 2013 WL 3147956, *15 (S.D. Ohio Jun. 19, 2013). At this time, the Court finds that, in relation to a temporary restraining order, Plaintiff need not post bond. The Court shall revisit the issue of bond, if necessary, when adjudicating Plaintiff's Motion for a Preliminary Injunction.

Thus, for the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) and **ORDERS** that Defendants are **ENJOINED** from (1) violating the terms of the Purchase and Sale Agreement and (2) selling or otherwise transferring the properties, as established and described within the PSA. A preliminary injunction hearing shall be set by separate entry.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND