IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| AMICUS MIAMI OF OHIO, LLC, | : | Case No. 1:22-cv-355 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| HEATHER KACACHOS, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANT'S MOTION TO SEAL (Doc. 34)

The case is before the Court on Defendants' Motion to Seal (Doc. 34), wherein Defendants request this Court seal multiple exhibits to multiple entries previously filed on the public docket. For the following reasons, the Court **GRANTS** Defendants' Motion to Seal (Doc. 34).

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the

request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

Considering that the exhibits in question that Defendants seek to seal contain trade secret information, Defendants have demonstrated that (1) compelling interests exist to seal the exhibits, (2) such interests outweigh the public's interest in accessing the exhibits in question, and (3) Defendants' request is narrowly tailored. Therefore, Defendants' Motion (Doc. 34) is **GRANTED**. The Clerk **SHALL SEAL** the following docket entries:

(1) Exhibit A to Plaintiff's Complaint (Doc. 1-1);

(2) Exhibit K to Plaintiff's Complaint (Doc. 1-11);

(3) Exhibit A to Plaintiff's Amended Document (Doc. 6-1);

(4) Exhibit K to Plaintiff's Amended Document (Doc. 6-11);

(5) Exhibit A to Plaintiff's Amended Complaint (Doc. 20-1);

(6) Exhibit K to Plaintiff's Amended Complaint (Doc. 20-11);

(7) Exhibit A to Plaintiff's Second Amended Document (Doc. 22-1);

(8) Exhibit K to Plaintiff's Second Amended Document (22-11);

(9) Exhibit 10 to Defendant's Answer and Counterclaim (Doc. 23-10);

(10) Exhibit 10 to Defendant's Text-Searchable Answer and Counterclaim (Doc. 24-

10);

(11) Exhibit A to Plaintiff's Answer to Defendants' Counterclaim (Doc. 27-1); and

(12) Exhibit A to Plaintiff's Corrected Answer to Defendant's Counterclaim (Doc. 30-1).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: */s/ Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND