UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(Cincinnati)

| | |
|---|---|
| AMICUS MIAMI OF OHIO, LLC<br><br>Plaintiff,<br><br>v.<br><br>HEATHER HOELZER KACACHOS, et al.,<br><br>Defendants. | Case No. 1:22-cv-355<br><br>Judge Matthew W. McFarland<br><br>Magistrate Judge Karen L. Litkovitz |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to this District's Local Rules, Judge McFarland's Practices and Procedures, and the Federal Rules of Civil Procedure, Plaintiff Amicus Miami of Ohio, LLC ("Amicus"), by counsel, hereby moves this Court to strike Defendants Heather Hoelzer Kacachos's ("Mrs. Kacachos") and Thomas Kacachos's ("Mr. Kacachos," collectively "Defendants" or "the Kacachoses"), Motion for Partial Summary Judgment as untimely and in violation of applicable Rules.

WHEREFORE, Amicus respectfully requests that the Court issue an order striking Defendants' Motion for Partial Summary Judgment, Affidavit of Thomas Kacachos, and the exhibits attached thereto (collectively the "Motion"). In the alternative, and solely if the Court denies this Motion to Strike, Amicus respectfully requests that the Court issue an order deferring Plaintiff's response to the Motion until such a time that the Court may either rule on Plaintiff's

1

Motion for Judgment on the Pleadings or that the Parties have conducted sufficient discovery such that Plaintiff can adequately respond to Defendants' Motion.

        Respectfully submitted,

        */s/ Aneca E. Lasley*
        Aneca E. Lasley (0072366)
        ICE MILLER LLP
        250 West Street, Suite 700
        Columbus, Ohio 43215-7509
        (614) 462-1085
        (614) 232-6899 fax
        Aneca.Lasley@icemiller.com

        Trial Attorney for Plaintiff

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**

**I.      INTRODUCTION**

This case presents a straightforward breach of contract dispute that should be resolved on the pleadings and the plain language of the Purchase Sales Agreement ("PSA") alone. For that reason, counsel for Plaintiff contacted counsel for Defendants about teeing up the legal issue (i.e., whether the PSA constitutes a legally binding and enforceable contact, as Plaintiff contends, or whether there was never the requisite meeting of the minds between the Parties, as Defendants contend) on a Motion for Judgment on the Pleadings. Counsel for Defendants advised that they too would be filing a Motion for Judgment on the Pleadings, which resulted in the Parties filing their Joint Motion for Leave to File Memorandum in Support in Excess of Page Limitations. [ECF No. 38.]

Plaintiff filed its Motion for Judgment on the Pleadings with this Court setting out a clear basis for this Court to resolve this dispute as a matter of law and, in so doing, conserve not only judicial resources, but also significant time and expense on the parties. That motion is currently pending, and Defendants requested an extension of time to respond in light of the holidays, which Plaintiff did not oppose and which this Court has granted. In the meantime, on December 9, 2022, Defendants moved this Court, not for judgment on the pleadings, but for partial summary judgment based only on the Affidavit of one of the Defendants. The motion itself reads as one long narrative as to what is presumably Defendants' attorney's view of the case with sparse citations to Defendant Tom Kacachos's Affidavit. It sets out no statement of proposed undisputed facts, it makes no citations to the record beyond Mr. Kacachos's Affidavit submitted solely to support the motion, and it is premature as it was filed before the Parties have even exchanged initial disclosures in this case (despite Plaintiff long ago requesting a Rule 26(f) meeting with Defendants). Given the posture of the case, which could be resolved as a matter of law by enforcing the terms of the

3

Parties' PSA or, alternatively, determining there is no enforceable contract, it is an inefficient and unnecessary strain on judicial resources to ask this Court to resolve a simultaneous motion for summary judgment in a case in which this Court has not even held a Rule 16 conference. For all these reasons, and those set forth herein, Defendants' failure to comply with the Federal Rules of Civil Procedure and Judge McFarland's Standing Order Regarding Procedures in Civil Cases (the "Standing Order") warrants striking or even denying the Motion. *See* Fed. R. Civ. P. 56(d)(1) (explaining that when facts are unavailable to the non-movant, the Court may deny the motion for summary judgment); *see also id.* at 56(d)(3) (permitting the court to "issue any other appropriate order").

## II.   PROCEDURAL BACKGROUND

Plaintiff filed its Motion for Judgment on the Pleadings on November 29, 2022. Despite having represented to counsel for Plaintiff that Defendants also intended to move for judgment on the pleadings, on December 9, 2022, Defendants filed a Motion for Partial Summary Judgment ("Motion") along with the Affidavit of Thomas Kacachos (the "Affidavit") in support thereof. The Motion, which reads like a long narrative, does not comply with the Rules and should be stricken.

## III.   APPLICABLE RULES[1]

This Court's "Standing Order Regarding Procedures in Civil Case" is publicly available on the Court's website and "governs practice before District Judge Matthew W. McFarland, supplementing the Federal Rules of Civil and Criminal Procedure . . .." Standing Order at 1. "All attorneys who enter appearances in cases in this Court are charged with knowledge of this Order

---

[1] In accordance with Local Rule 7.2, Plaintiff's counsel contacted Defendants' counsel on December 12, 2022 to advise him that, unless Defendants withdrew their erroneous filing, Plaintiff would file this Motion to Strike. Aff. of Aneca E. Lasley ¶ 8. Defendants' counsel refused to withdraw their Motion. *Id.* at ¶ 9.

4

and are obliged to follow it." *Id.* Defendants' Motion fails to comply with the Court's Standing Order in two key respects.

First, in bold, all capital letters, Section III(A)(4) states: "**BRIEFS AND/OR MEMORANDA IN SUPPORT OF OR IN OPPOSITION TO ANY MOTION IN THIS COURT SHALL NOT EXCEED TWENTY (20) PAGES WITHOUT FIRST OBTAINING LEAVE OF COURT.**" Counsel in this case are well aware of this requirement as the parties sought and obtained leave to file supporting and opposition memoranda to their respective *Motions for Judgment on the Pleadings* in excess of the 20-page limit. [ECF No. 38 & Nov. 28, 2022 Notation Order.] In granting this request, this Court explicitly ruled that leave to file excess pages was only extended to "[a]ny motion directed to the pleadings" or "any responses in opposition to any motions directed to the pleadings" which was directly responsive to the Parties' joint request. *See* Nov. 28, 2022, Notation Order. Nowhere in this Order nor in the Parties' Joint Motion for Leave was there any request or authorization for a summary judgment motion to exceed the Court's page limitations. Nonetheless, Defendants' Motion for Partial Summary Judgment is *twenty-seven pages*, far in excess of this Court's limits and filed wholly without permission or recognition of this Court's Standing Order.

Second, Section III(B)(1) of the Court's Standing Order, which falls directly under the bolded underlined title "**Motions for Summary Judgment**," requires parties to attach to a motion for summary judgment "a document entitled 'Proposed Undisputed Facts' that sets forth in separately numbered paragraphs a concise statement of each material fact." The Standing Order also requires, in turn, that "[e]ach Proposed Undisputed Fact . . . be supported by a specific citation" to the evidence supporting that fact. *Id.* This is consistent with the requirements of Federal Rule of Civil Procedure 56(c), which mandates that the parties support each assertion with

a citation to specific materials in the record. Such a statement of undisputed facts—with support—is critical to identifying whether the standard under Rule 56 is met and ensuring that there is truly "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Rule 56(d) provides the Court with clear remedies when the moving party files so early in the case that there are not facts available to the movant opposing the motion. In such cases, Rule 56(d) permits the Court to deny the motion entirely. The Court can also issue any other appropriate order, allow time for more discovery, or defer the motion. *Id.* These Rules are intended to protect the non-movants from an early-filed motion for summary judgment when discovery might reveal disputed facts exist or that the non-movant is entitled to judgment in its favor.

**IV.     ARGUMENT**

> A. <u>Defendants' Motion Should Be Stricken Or Denied For Failure To Comply With Applicable Rules.</u>

Defendants expressly failed to satisfy the filing requirements set forth in the federal and local rules, as well as the Court's Standing Order. It is a cornerstone of the practice of law that parties before the Court "must comply with the federal and local rules of civil procedure." *Williams v. Miniard*, No. 1:22-CV-1, 2022 WL 2703972, at *1 (S.D. Ohio July 12, 2022); *see also Black v. Ohio Indus. Comm'n*, No. 2:21-CV-2987, 2022 WL 445817, at *3 (S.D. Ohio Feb. 14, 2022). This Court has repeatedly recognized the validity of standing orders requiring a filing of a Statement of Proposed Undisputed Facts. *Curry v. Cotton*, No. 1:13-CV-545, 2015 WL 2406048, at *6 (S.D. Ohio May 20, 2015), aff'd in part, appeal dismissed in part, 639 F. App'x 325 (6th Cir. 2016); *Poland v. CSC Applied Techs., LLC*, No. 1:10-CV-326, 2010 WL 5401406, at *5 (S.D. Ohio Dec. 23, 2010). Defendants' failure to do so—especially when compounded with the

premature, excessively lengthy nature of the filing—should result in denial of their Motion. *See* Fed. R. Civ. P. 56(d)(1).

Defendants' Motion should be denied because it is not compliant with applicable Rules, and it cannot be reasonably cured by refiling in the near future. First, the Motion is wholly noncompliant with Section III(B)(1) of the Court's Standing Order as Defendants failed to incorporate or attach any Statement of Proposed Undisputed Facts. Second, the Motion often extends in narrative form for multiple paragraphs without a single citation to any evidence, which violates both Section III(B)(1) of the Court's Standing Order and Rule 56(c). Third, the Motion far exceeds the page limit set forth in bold, capitalized font in Section III(A)(4) of the Court's Standing Order.

All of these rules exist for a reason – they are intended to ensure that the Parties can easily identify and dispute facts with evidence, and that the Court can correctly determine whether there is or is not a *genuine* dispute of fact supported by evidence. But, here, Defendants have filed their Motion without a statement of proposed undisputed facts and without evidentiary support. Even if Amicus could nonetheless muddle through the mess to respond, there is barely even evidence in the record beyond the pleadings from which Amicus could respond. Of course, Amicus has evidence in its possession—including a recording of a call with Tom Kacachos that directly belies several claims in his Affidavit as demonstrably false—but none of that evidence has been produced yet. The Parties have not even had a Rule 26(f) Meeting or exchanged initial disclosures. Aff. of Aneca E. Lasley ¶ 6. And this Court has not yet held a Rule 16 conference to set a case management order, nor should it have to in light of Amicus's pending motion for judgment on the pleadings. Defendants' premature Motion and their non-compliance with the applicable Rules

7

prejudices Amicus, unnecessarily burdens this Court and the administration of justice, and it should be denied.

### B. In The Alternative, Defendants' Untimely Motion Should Be Deferred Or Held In Abeyance Pending Discovery (If Necessary) In This Case.

Even if this Court were not inclined to deny the motion under Rule 56(d)(1) or strike it for failure to comply with this Court's Standing Order, the Motion should at least be held in abeyance or deferred until such time as Amicus can actually gather evidence to respond, *if necessary*. Here, the Parties have yet to engage in any discovery whatsoever and Amicus's attempts to setup a Rule 26(f) meeting with Defendants prior to Amicus moving for judgment on the pleadings were ignored. Aff. of Aneca E. Lasley ¶ 6, filed contemporaneously herewith. This lack of discovery is itself reflected in the Motion, which only points to the Affidavit and its exhibits, which themselves are (ironically, in light of Plaintiff's pending motion for judgment on the pleadings) largely duplicative of documents attached to the pleadings. *See generally* Defs.' Motion. Without any discovery having occurred, Amicus cannot oppose the Motion as required by the Rules.

This Court's Standing Order requires Amicus's response to Defendants' Motion to set forth a "Response to Proposed Undisputed Facts" with citations to contrary evidence filed therewith, and a "Proposed Disputed Issues of Material Fact" list if applicable that also sets forth the evidence in support of each dispute. Beyond the pleadings and the documents attached thereto, there has been no evidence taken or exchanged in this case. Not only is Amicus without a Proposed Undisputed Fact statement to which it could respond, but Amicus—like Defendants—is without any proper evidence to support such a response at this time. Pursuant to the Local Rule 7.2(d) and Fed. R. Civ. P. 56(d), in the event this case is not resolved on Plaintiff's Motion for Judgment on the Pleadings, Plaintiff should be afforded the opportunity to gather the necessary evidence to

8

respond to the Motion and the Court should deny or defer consideration of the Motion until such a date that this evidence can be obtained.

## V. CONCLUSION

Defendants' twenty-seven page motion for partial summary judgment reads like a long story with few interruptions for evidentiary support or citations. The Motion takes advantage of the fact that no discovery has been completed whatsoever—despite Plaintiff's request for a Rule 26(f) meeting with Defendants—to play fast and loose with the truth. Not only is the Motion far in excess of the page limit set out in the Standing Order and largely unsupported by evidence, but it burdens this Court with resolution of a motion that could be entirely moot. Defendants must face consequences for their non-compliant and improper Motion. "Because [Defendants] failed to comply with the federal and local rules" their Motion should be denied. *Bartlett v. Gates*, No. 1:07-CV-127, 2008 WL 11351331, at *1 (S.D. Ohio July 24, 2008).

Therefore, for the foregoing reasons, Plaintiff respectfully moves this Court to deny or strike Defendants' Motion for Partial Summary Judgment.

    Respectfully submitted,

    */s/ Aneca E. Lasley*
    Aneca E. Lasley (0072366)
    ICE MILLER LLP
    250 West Street, Suite 700
    Columbus, Ohio 43215-7509
    (614) 462-1085
    (614) 232-6899 fax
    Aneca.Lasley@icemiller.com

    Trial Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I certify that this document was filed electronically and served through the Court's ECF System upon all counsel of record on this 19th day of December, 2022.

        Respectfully submitted,

        */s/ Aneca E. Lasley*
        Aneca E. Lasley (0072366)