# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **AMICUS MIAMI OF OHIO, LLC** | : | Case No. 1:22-cv-00355 |
| **Plaintiff** | : | Judge Hopkins |
| vs. | | |
| **HEATHER HOELZER KACACHOS,** *ET AL.* | : | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| **Defendants** | | |

Defendants/Counterclaimants Heather and Thomas Kacachos (the "Kacachoses") hereby file their Memorandum in Opposition to Plaintiff/Counterclaim-Defendant Amicus Miami of Ohio, LLC's ("Amicus's") Motion to Strike Defendants' Motion for Partial Summary Judgment (ECF Doc. 42).

First and foremost, Defendants have filed, forthwith, their Proposed Statement of Undisputed Facts Relating to Motion for Partial Summary Judgment (ECF Doc. 44). While it is doubtful the parties will be able to agree on all such proposed facts, Defendants' counsel notes the oversight and resulting non-compliance with the Court's standing order, regrets same*, and proposes that the matter be remedied by providing Plaintiff additional time to respond, measured by any delay in filing and serving the Proposed Statement of Undisputed Facts.* This would keep the matter moving along, be less wasteful of judicial resources, yet provide Plaintiff with the allotted time to respond under Southern District Local Rules. Counsel would point out, however, that he spoke with opposing counsel on December 12, 2022, in the course of finalizing an agreed expanded briefing schedule. In their second telephone discussion, Ms. Lasley mentioned that she might file a motion to strike Defendants' Motion for Partial Summary Judgment (ECF Doc. 40),

and seemed nonplussed by said motion. Nevertheless, the parties moved along with submitting a proposed agreed briefing schedule. There certainly were no e-mails circulated between counsel raising any omission of a Proposed Statement of Undisputed Facts, until that issue was raised in Amicus's December 19 motion (ECF Doc. 42).

Further, Defendants' counsel points out he previously proposed a briefing schedule to encompass "dispositive motions," when Plaintiff's counsel first contacted him with a one sentence e-mail proposing mutual agreement to exceed the 20 page limit on supporting briefs.[1] Notably, that e-mail, attached here as Exhibit A, did not reference "Judgment on the Pleadings," or any particular Federal Civil Procedure Rule. It simply asked for an accommodation as to page limits, to which Defendants' counsel readily agreed. "Dispositive motions," of course, encompass various motions filed under the Federal Civil Rules, including Rule 56. Defendants' counsel has never, to his recollection, filed any motion for "Judgment on the Pleadings" in over 20 years of practice,[2], so given the content of his e-mail response, and his practice history, it does not seem plausible that he would frame his agreement to expanded briefing to a procedural device he did not intend to use. Suffice it to say, however this matter was presented to the Court, he always intended to file a Motion for Partial Summary Judgment, and regarded the order as extending to dispositive motions filed by either side. It would make little sense for counsel to limit the proposed agreed order exceeding the page limit under the Local Rules to Rule 12(c) Motions. The corresponding Local Rule does not distinguish among motions when setting the default page limit. Moreover, the difficulties of summarizing the case and discussing the applicable law within 20 pages remain the

---

[1] *See* e-mail of Edward P. Akin to Aneca Lasley, of November 22, 2022, expressing agreeability to an expanded briefing schedule assuming the request for additional pages related to "*dispositive motions.*" (Exhibit A hereto.)

[2] It is possible I have filed a Rule 12(b)(6) motion, which based on timing, was converted to a Rule 12(c) motion. But even that would be exceedingly rare. Rule 12 motions are comparatively rarely granted, and it is not difficult to find decisional law remarking they are disfavored, outside clearcut issues like the statute of limitations. By comparison, under *Celotex* and its progeny, summary judgment has generated a substantial volume of dispositive motion practice in federal courts.

same, for both types of motions. Accordingly, undersigned counsel prays that the Court either clarify that the Kacachoses may exceed the page limit for Federal Civil Rule 56 briefings as well as Rule 12(c) briefings, or else advise undersigned counsel if he needs to file a separate motion.

As to the failure to attach a proposed statement of undisputed facts to accompany the Motion for Partial Summary Judgment (ECF Doc. 40), undersigned counsel regrets any neglect to comply with the Court's Standing Order respecting same. Once alerted to this omission—10 days after the dispositive motion was filed—the Kacachoses filed and served, simultaneously with this response, their Proposed Statement of Undisputed Facts (ECF Doc 44). The matter could have been resolved more quickly by a phone call or e-mail. But in any event, counsel would agree Amicus should have some additional time to respond to Defendants' Motion for Partial Summary Judgment. (ECF Doc. 40).

Counsel for the parties in this case have yet to conduct the Rule 26(f) conference. Ordinarily, the plaintiff's counsel would take the lead in setting this conference. Regardless of whose responsibility it is, this conference should have occurred by now. Counsel for Defendants has brought up the matter at least once, most recently in the telephone discussions of December 12 with opposing counsel. At that time, Amicus advised it first wanted to move forward with its Motion for Judgment on the Pleadings (ECF Doc. 39). Accordingly, no preliminary disclosures have been made. Undersigned counsel has never been unavailable by either e-mail or telephone for any period of more than 24 hours in this case, weekends possibly excepted. It is not difficult to reach him at his law firm during the work week. While this brief concedes and accepts responsibility for supplying the omitted Proposed Statement of Undisputed Facts, undersigned counsel rejects any suggestion that he has resisted, in any way shape or form, holding the Rule 26(f) conference. The lack of preliminary disclosures in this case actually cuts against the

Kacachoses, if it cuts against any party, because they provided a wealth of documentary information to Amicus while the parties tried to negotiate their overarching transaction. The flow of documents was fairly one sided, in the direction of Amicus. Accordingly, the Kacachoses would like to begin rectifying that imbalance through a discovery plan.

Amicus also complains that the summary judgment motion (ECF Doc. 40) and supporting affidavit (ECF Doc. 41) read as if "drafted by a lawyer." This is a strange observation regarding a Rule 56 motion. While Defendants' counsel concedes that the Proposed Statement of Undisputed Facts (ECF Doc. 44) was not filed with the motion, nevertheless, the balance of the motion presents a facially well-supported Rule 56 motion, supported by affidavit and exhibits thereto, and abundantly footnoted. The facts referenced in Thomas Kacachos's Affidavit—which he substantially drafted, incidentally—draw upon the PSA itself, and ample correspondence between the parties. His affidavit is based upon personal knowledge. Even though the case has been pending for over six months, Amicus has not sought discovery, either formally or informally, from Defendants.

## CONCLUSION

The Court should overrule Amicus's Motion to Strike (ECF Doc. 42), but in the spirit of fair play, should allow additional time, on the order of 10-12 days, for Amicus to respond to Defendants' Motion for Partial Summary Judgment (ECF Doc. 40). Furthermore, undersigned counsel has always expressed willingness to allow additional time and generate a complete agreed briefing schedule, addressing Memoranda in Opposition as well as Reply due dates for both parties. That offer is restated here. Counsel regrets the prior omitted Proposed Statement of Undisputed Facts (ECF Doc. 44), but striking his clients' otherwise properly supported dispositive

4

motion is a less efficient method than simply providing the omitted statement and according additional response time.

Finally, Defendants' counsel agrees that the Rule 26(f) conference should occur, but cannot agree with any implication that Defendants or their legal counsel have delayed that conference.

Respectfully submitted,

*/s/ Edward P. Akin*
Edward P. Akin  0074357
Aronoff, Rosen & Hunt
2200 U.S. Bank Tower
425 Walnut Street
Cincinnati, OH 45202
(513) 241-0400
(513) 241-2877 (fax)
epakin@arh-law.com
*Trial Attorney for Defendants*

CERTIFICATE OF SERVICE

I certify this document was filed electronically and served through the Court's ECF System on Aneca E. Lasley, aneca.lasley@icemiller.com, on December 21, 2022.

*/s/ Edward P. Akin*
Edward P. Akin