UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
**(Cincinnati)**

| | |
|---|---|
| AMICUS MIAMI OF OHIO, LLC | |
|     Plaintiff, | |
| v. | Case No. 1:22-cv-355 |
| HEATHER HOELZER KACACHOS, et al., | Judge Jeffery P. Hopkins |
|     Defendants. | Magistrate Judge Karen L. Litkovitz |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Amicus Miami of Ohio, LLC ("Amicus" or "Plaintiff"), moved to strike Defendants' Motion for Partial Summary Judgment (the "Motion") because Defendants: (1) failed to comply with Judge McFarland's "Standing Order Regarding Procedures in Civil Cases" (hereinafter the "Standing Order") explicit requirements as to page limits; (2) failed to submit a timely, compliant statement of Proposed Undisputed Facts with their Motion; (3) failed to properly establish, with citations to supporting evidence, the facts alleged in their Motion; and (4) submitted a Motion that is untimely as the Parties have yet to engage in any discovery.  Plaintiff also requested, in light of its Motion to Strike and Defendants' noncompliant Motion, that should the Court deny its Motion to Strike that Plaintiff be given additional time to respond to Defendants' Motion until such a time that appropriate discovery (if necessary, in light Plaintiff's outstanding Motion for Judgment on the Pleadings) has occurred.  Defendants' late-filed Proposed Statement

1

of Undisputed Facts does not and cannot correct the core failures on which Plaintiff's motion to strike is based, and therefore Plaintiff's motion should still be granted.

*First*, with respect to exceeding the applicable page limits, Defendants cannot offer a valid excuse for their failure to comply with Judge McFarland's Standing Order.[1] Defendants claim that the Parties had agreed to exceed the page limits, but that is not an issue to which Parties can agree amongst themselves, it must be put before the Court. And, indeed, the Parties did put the issue before the Court. Specifically, the Parties moved the Court for an enlarged page limit solely with regard to motions directed at the pleadings and that is the only enlargement that Judge McFarland granted. Defendants' excuse suggests that Defendants failed to carefully read Judge McFarland's November 28, 2022 Order modifying his rule on page limits, which is not applicable to Defendants' Motion for Partial Summary Judgment. Defendants' counsel's attempt to avoid this result—by stating in a footnote that: "It is possible that I have filed a Rule 12(b)(6) motion, which based on timing, was converted to a Rule 12(c) motion"—is confounding.

*Second*, and most important, with respect to submitting and supporting each proposed undisputed fact, Defendants still have not submitted a compliant statement of Proposed Undisputed Facts with their Motion because Defendants still do not (and cannot) cite to supporting evidence. While Defendants have belatedly submitted a Statement of Proposed Undisputed Facts, this submission too fails to meet the Court's minimal requirements – even after those requirements were expressly identified to Defendants and Defendants apologized for their non-compliance. Specifically, Defendants failed to cite evidence for the facts put forth in paragraphs 2, 5, 7, 9, 10, 26, 27, 29, 32, 37, 38, 39 – amounting to 30% of Defendants' Proposed Undisputed Facts going

---

[1] Plaintiff understands that, since the filing of Defendants' Motion for Partial Summary Judgment, this case has been reassigned to Judge Jeffery P. Hopkins. Because Judge McFarland's Rules were in place at the time of Defendants' filing, Plaintiff understands that those rules remain applicable to Defendants' Motion.

unsubstantiated and unsupported. *See* Defs.' Proposed Statement of Undisputed Facts Relating to Mot. for Partial Summ. J., Dkt. 44; *see also* Judge McFarland's Standing Order, Section III(B)(I) ("Each Proposed Undisputed Fact must be supported by a specific citation" to the evidence supporting that fact.); Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"). The reason Defendants could not support each of their proposed facts as required by the Rules, even more than a week after these deficiencies were raised, is because their motion is so seriously premature. Because there has been no discovery, there is no evidence—beyond Defendant Tom Kacachoses' self-serving affidavit—on which Defendants can rely for citation. As a result, Defendants did not and cannot remedy their again deficient motion for summary judgment filing *at the very earliest* until after the Parties undertake discovery in this case (if necessary).

At bottom, Defendants' Opposition to Plaintiff's Motion to Strike appears not to appreciate the true seriousness and significance of "comply[ing] with the federal and local rules of civil procedure." *Williams v. Miniard*, No. 1:22-CV-1, 2022 WL 2703972, at *1 (S.D. Ohio July 12, 2022); s*ee generally* Defs.' Resp. in Opp'n to Pl.'s Mot. to Strike, Dkt. 45. One such penalty for noncompliance is denial of the motion. Fed. R. Civ. P. 56(d)(1). And that makes sense because, without being able to show that there is no material dispute of fact, Defendants could not prevail on summary judgment anyway. Fed. R. Civ. P. 56(a). For the Parties and Court to dedicate resources to a Motion that could never prevail anyway is inefficient and a serious waste of judicial resources. Defendants' continued noncompliance and dismissive approach to the rules—and the

purpose behind those rules—warrants consequence. Defendants' pre-mature, non-compliant Motion in excess of the applicable page limits should be stricken.

                                              Respectfully submitted,

                                              */s/ Aneca E. Lasley*
                                              Aneca E. Lasley (0072366)
                                              ICE MILLER LLP
                                              250 West Street, Suite 700
                                              Columbus, Ohio 43215-7509
                                              (614) 462-1085
                                              (614) 232-6899 fax
                                              Aneca.Lasley@icemiller.com

                                              *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that this document was filed electronically and served through the Court's ECF System upon all counsel of record on this 27th day of December, 2022.

    Respectfully submitted,

    */s/ Aneca E. Lasley*
    Aneca E. Lasley (0072366)