UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **AMICUS MIAMI OF OHIO, LLC**, | Case No. 1:22-cv-00355 |
| Plaintiff, | Judge Hopkins |
| v. | |
| **HEATHER HOELZER KACACHOS**, et al. | |
| Defendants. | |

## MOTION INTERVENE PURSUANT TO FEDEDERAL RULE OF CIVIL PROCEDURE 24(A)

Now comes Intervenor Verda Johnson Hoelzer ("Intervenor") the Executrix of the Estate of Ned C. Hoelzer ("Estate") and the surviving spouse of Ned C. Hoelzer ("Ned"), by and through counsel, and pursuant to Civ.R. 24(a) respectfully moves to intervene as a matter of right and file a protective answer in the above-captioned matter.

The Estate has an interest in this matter as it holds a mortgage and "guarantee" pursuant to two separately executed instruments with Defendants Heather Hoelzer Kacachos and Thomas Kacachos (jointly, "Defendants") over certain real estate that is the subject matter of the claims asserted by Plaintiff Amicus Miami of Ohio, LLC ("Plaintiff"), which, in part, seek specific performance compelling Defendants to sell the real estate at issue to Plaintiff.

Pursuant to a written contract, Ned sold his ownership interest in various real estate and business entities to Defendants prior to his death, which sale was seller financed by Ned to be repaid by Defendants in installment payments. The contract provides that Ned's loan of the purchase price to Defendants was "guaranteed" by certain real property that is the subject matter of this lawsuit.

As inducement to enter the sale, Defendants also executed a separate promissory note in the principal sum of $7,000,000.00 (the "Note"), which Defendants jointly and severally executed and delivered to Ned. The Note was to be "secured by a mortgage of even date on certain property owned by [Defendants] located in Butler County, Ohio." The mortgage and "guarantee" are over certain real estate that is the subject matter of the instant lawsuit.

No mortgage was ever recorded, but during his deposition in another pending lawsuit against Defendants, Defendant Thomas Kacachos recently admitted the existence of these instruments and that Defendants gave the mortgage and "guarantee" to Ned and identified the real estate that was subject to the same. The contract, note, and mortgage and "guarantee" passed to the Estate upon Ned's death and the Estate is the present holder of the them.

Intervenor does not seek to prevent any sale of the properties to Plaintiff, but simply seeks to intervene in order to protect its interest through the contract, note, and

mortgage and "guarantee" in any potential sale of the certain real estate that could result from this litigation.

A Memorandum in Support and Intervenor's proposed Answer are attached for the Court's consideration.

Respectfully submitted,

*/s/ Christopher R. Jones*
Christopher R. Jones (0092351)
Paul T. Saba (0063723)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
crj@sspfirm.com
pts@sspfirm.com
*Counsel for Intervenor*

## MEMORANDUM IN SUPPORT

**BACKGROUND**

Intervenor Verda Johnson Hoelzer ("Intervenor") is an individual residing in Butler County, Ohio, the surviving spouse of Ned C. Hoelzer ("Ned") and is the executrix of the Estate of Ned C. Hoelzer ("Estate"). On or about June 13, 2017, Ned and Defendants Heather Kacachos and Thomas Kacachos (jointly, "Defendant") entered into a certain contract agreement (the "Contract") under which Defendants agreed to purchase Ned's ownership interest in various real estate that were at the time owned by multiple business entities in which Ned had an ownership interest. A true and accurate copy of the Contract is attached hereto and incorporated by reference herein as **Exhibit A**.

The Contract specifies that the real estate Defendants agreed to purchase included real estate owned by Hoelzer/Hoelzer Rentals, Inc., Campus Condominiums, LLC, Calista Enterprises, LLC, University Housing Apartments, Inc., Bella Place Investments, LLC, and Dollar Investments, LLC. The Contract also specifies that the purchase included all other properties owned by Ned individually and as trustee located in Oxford, Ohio, the 100 acre parcel known as the "Fey Farm", the 72 acre parcel known as "27 South", and the 4029 Oxford-Millville Road house, which are part of the "'Park Place Real Estate' portfolio."

The Contract further provides that Ned gave Defendants favorable seller financing for the sale and was to be paid $7 million at 2.0% interest over 25 years beginning July 1, 2017 and that this "loan will be guaranteed by the following properties: 1375-1377 Dana; 724-733 Daniel; 100 acres at the Fey Farm; 72 acres on Rt. 27; 212 and 214 S Poplar; 315 and 313 S Main; 417 E Withrow; 204 N Main; 211, 313, and 314 N University; 130 W Vine; 202 S Beech; University Housing." (collectively, the "Encumbered Properties").

As a material inducement for Ned to make the sale and loan to the Defendants, all of their obligations under the Contract were to be "guaranteed" by the Encumbered Properties listed therein, and on or about July 1, 2017, as a material inducement for Ned to make the sale and loan to the Defendants, Defendants, jointly and severally, also executed and delivered to Ned, a Promissory Note in the principal sum of $7,000,000.00 with 2% interest per annum, which Note matures on July 1, 2042 (the "Note," a true and accurate copy of which is attached hereto and incorporated by reference herein as **Exhibit B**). All of Defendants' obligations under the Note were to be "secured by a mortgage of even date on certain property owned by [Defendants] located in Butler County, Ohio."

On or about January 26, 2022, Ned died testate having executed a certain Last Will and Testament on or about November 11, 2020 (the "Will"). A true and accurate copy of the Will is attached hereto and incorporated by reference herein as **Exhibit C**. The Note and Contract were and are assets of Ned's Estate. Ned was the holder of the Note and Contract, and upon his death the Note and Contract passed to his Estate. Intervenor,

5

as Executrix of Ned's estate, has the right to enforce the Estate's legal rights under both the Note and Contract. A true and accurate copy of the Butler County Probate Court entry appointing Intervenor as executrix of Ned's Estate is attached hereto and incorporated by reference herein as **Exhibit D**.

Defendants failed and/or refused to record a mortgage as required by the Note. However, on May 4, 2023 in a deposition in another pending lawsuit against Defendants, Defendant Thomas Kacachos recently admitted the existence of the Contract and Note, the mortgage and "guarantee" in those instruments, and the Encumbered Properties, which Encumbered Properties were also the properties identified under the Note as being mortgaged. Those properties constitute some of the real estate that is the subject matter of this lawsuit. The Defendants have defaulted under the Note and Contract, by failing to pay the required monthly payments as and when due.

**LAW AND DISCUSSION**

Intervenor seeks to intervene by right under Civ.R. 24(a), which states as follows:

> [o]n timely motion, the court must permit anyone to intervene who : (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Estate through the mortgage and "guarantee" contained in the Contract and Note has an interest in the real property that is the subject of this action – specifically the Encumbered Properties, which are a portion of the real estate properties contained in the

6

contract that Plaintiff seeks to enforce against Defendants through this lawsuit. Intervenor must be added as a defendant in this case in order to protect the Estate's interest in that real estate and she cannot do so without intervention.

An intervenor must show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). "When possible, Fed. R. Civ. P. 24 is to be construed broadly in favor of intervention." *Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 132 (S.D. Ohio 2013).

**1. Timeliness of the Motion**

This motion to intervene is timely filed, as required by Rule 24(a). Although a motion for summary judgment has already been filed by an original party, the current stage of the litigation still permits intervention without causing undue delay or prejudice to the original parties. In *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000), the Sixth Circuit granted intervention after a motion for summary judgment had been filed, holding that the intervention would not unduly delay or prejudice the adjudication of the rights of the original parties. In addition to the *Stupak-Thrall* case, intervention was also granted in the case of *Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990) after a motion for judgment on the pleadings was filed. The Court has not yet decided either motion, nor have any other dispositive rulings been issued by the Court.

Intervenor recently became aware of this lawuit and Defendant Thomas Kacachos only recently for the first time admitted to the existence Contract, Note, mortgage and "guarantee" in his May 4, 2023 deposition. Intervenor is now seeking to intervene in order to diligently to protect its undisputed interests. In addition, Intervenor will not seek to relitigate issues already addressed in the motion for summary judgment and motion for judgment on the pleadings, but rather will focus on simply protecting its interest in the Encumbered Properties in any sale to Plaintiff, which will not cause delay or prejudice with respect to the dispute between Plaintiff and Defendants.

**2. Interest of the Intervenor**

Intervenor has a direct, substantial, and legally protectable interest in the subject matter of this action. As described above, Intervenor is the executrix of the Estate, which holds the Contract and Note and the mortgage and "guarantee" of the Encumbered Properties contained therein. Those properties are part of the subject matter of this lawsuit. In short, Intervenor, through the Estate, has a valid interest in the properties at issue, and she will be impaired from protecting that interest if not allowed to intervene.

"The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Michigan State AFL-CIO V. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Further, the Sixth Circuit has held that "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Id.* at 1247. Intervenor clearly has a substantial legal interest

in the real property that is at issue in this case, which must be recognized and protected here.

### 3. Impairment of Interest

As required by Rule 24(a)(2), the disposition of the action may impair or impede Intervenor's ability to protect the Estate's interest in the Encumbered Properties. "[A] would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied" and the "burden [of persuasion] is minimal." *Michigan State AFL-CIO*, 103 F.3d at 1247 (emphasis added).

In the absence of intervention, Intervenor's ability to protect the Estate's interest in the Encumbered Property will be impaired and wholly lost because the properties will be sold free and clear of the encumbrance either through judgment or settlement. Under such circumstances, the Estate's interest will effectively be wiped out.

### 4. Inadequate Representation of Interest

Finally, the existing parties do not adequately represent Intervenor's interests. The adequate representation burden is minimal, requiring Intervenor to show only that "there is a potential for inadequate representation." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

Defendants have already failed to record the mortgage as required by the Note and will certainly not represent its interest in this matter. Similarly, Plaintiff seeks to compel the sale of the properties, but has not included Intervenor as an interested party

9

despite its mortgage and "guarantee" over the Encumbered Properties and will not adequately represent its interest. As such, both parties effectively have disregarded Intervenor and the Estate's interest in the Encumbered Properties and their interests are plainly maligned.

For all the foregoing reasons, Intervenor respectfully requests that intervention be granted pursuant to Federal Rule of Civil Procedure 24(a) and that she be permitted to file the Answer attached hereto as **Exhibit 1** in order to protect the Estate's interest.

    Respectfully submitted,

    */s/ Christopher R. Jones*
    Paul T. Saba (0063723)
    Christopher R. Jones (0092351)
    STAGNARO, SABA & PATTERSON, Co., L.P.A.
    2623 Erie Avenue
    Cincinnati, Ohio 45208
    Tel. (513) 533-2703
    Fax (513) 533-2999
    pts@sspfirm.com
    crj@sspfirm.com
    *Counsel for Intervenor*

## **CERTIFICATE OF SERVICE**

I certify this document was filed electronically and served through the Court's ECF System on Edward P. Akin (epakin@arh-law.com) and Aneca E. Lasley (aneca.lasley@icemiller.com) on May 16, 2023.

/s/ *Christopher R. Jones*
Christopher R. Jones (0092351)

11