**EXHIBIT C**

PE22-03-0404

## LAST WILL AND TESTAMENT OF NED C. HOELZER



FILED 2022 MAR 30 AM 11:42
BUTLER COUNTY PROBATE COURT
JUDGE JOHN M. HOLCOMB

I, Ned C. Hoelzer, a resident of Hanover Township, Butler County, Ohio being of sound mind and memory do hereby make, publish, and declare this instrument to be my Last Will and Testament hereby revoking any and all Wills, Codicils, and other dispositions of a testamentary nature heretofore made by me.

I declare that at the time of making this Will, I am married to Verda Johnson Hoelzer. We were married on November 2, 2018 at my residence following a lengthy courtship. I am a practicing certified public accountant, and I have a trusted business associate, Jerome M. Baumann, who has assisted me for many years.

I have two (2) children from a prior marriage namely, Bryan L. Hoelzer, and Heather Hoelzer Kacachos. I provided generously for my children during their upbringing, including educational and business opportunities.

At the time of making this Will, I am estranged from my son, Bryan and his spouse, and children, and we have not had contact for many years. Bryan and I experienced a business related dispute and in settlement of that dispute, Bryan was paid a considerable sum of money, which I regard as an advancement with respect to any expectancy to participate financially in my estate. In this Will at Item IV, I have provided nominally for Bryan. I specifically exclude any provision for Bryan's spouse or his lineal descendants.

For an extended time, I enjoyed a business relationship with my daughter, Heather Hoelzer Kacachos, and my son-in-law, Thomas Kacachos. From time to time, I made gifts to them of ownership interests in various companies (i.e., closely held corporations, and limited liability companies). The companies collectively owned a large real estate portfolio

October 23, 2020 - Final



comprised of off-campus student rentals, commercial properties, mixed-use properties, and undeveloped properties held as investments for future development and redevelopment. The real estate portfolio owned and operated by the companies is within Oxford, Ohio and the immediate vicinity. On July 1, 2017 I sold my remaining interest in the companies to Heather and Tom in exchange for a promissory note made by them in the original principal sum of $7,000,000.00, said note to be secured by a mortgage. In addition to the promissory note, various obligations either made or guaranteed by me for the benefit of the collective business enterprises were assumed with the expectation that I would be relieved from such obligations in their entirety. Following that transaction, I discontinued having an active role in management or operations of the real estate and related business enterprises. At the time of making this Will, the primary asset of my estate is the above referenced promissory note, which as of this date remains unsecured by the intended mortgage by reason of prolonged disagreement about suitable collateral to be provided as security.

In addition to my accounting practice, I am the principal shareholder of Twin Cedars, Inc., an Ohio corporation, which operates a Kentucky Fried Chicken franchise located at 433 West Perkins Avenue in Sandusky, Ohio. I own the real property where the franchise operates in my individual capacity. I am also the managing member of Bayshore Investment Group, LLC, an Ohio limited liability company which owns real property located at 1801 Cedar Point Road in Sandusky, Ohio

At the time of making this Will, I own, in my individual capacity, various other real properties including my residence located at 3088 Millville Oxford Road, Oxford, Ohio. I

October 23, 2020 - Final                    2

also own with my wife Verda the residence where she resides at 3120 Millville Oxford Road, and a vacant lot which is adjacent.

In making this Will, I have given considerable thought to the composition of my estate, and how I wish for my remaining assets to be distributed upon my death.

### ITEM I

I direct my Executrix, hereinafter named, to pay my just debts and funeral expenses, as well as the costs and expenses of the administration of my estate as soon after my death as may be practicable. I prefer for my funeral arrangements to be simple, and that my funeral expenses be as limited as possible.

### ITEM II

I give and bequeath all tangible assets which I own including, for example, my household furnishings, art collection, train collection and display, sports memorabilia, library, motor vehicles, equipment and personal effects and my dog, Tammy, and my fish to my spouse, Verda, and to her heirs, successors and assigns to be for her benefit and enjoyment as she may see fit.

### ITEM III

I give my trusted associate, Jerome M. Baumann, my accounting practice, excepting however business equipment used at my residence, and any receivables for accounting services performed by me, which shall remain assets of my estate. It is my desire for Jerome M. Baumann to succeed in the business opportunity in appreciation of his longstanding services and contribution. If Jerome M. Baumann fails to survive me, the gift shall lapse and the subject assets shall be considered as part of my residuary estate.

### ITEM IV

I give the sum of $100.00 to my son Bryan. If Bryan fails to survive me, the gift shall lapse and said amount shall be considered as part of my residuary estate. I have intentionally made no provision for Bryan's spouse and his lineal descendants. It is my specific intention to exclude them from participation in my estate.

### ITEM V

I give the sum of $100.00 to my daughter Heather. If Heather fails to survive me, the gift shall lapse and said amount shall be considered as part of my residuary estate. Because of *inter vivos* gifts previously completed and in consideration of business related arrangements involving my daughter, Heather, and son-in-law, Tom, I am making no further provisions for them, although exclusion is not for want of love and affection. I acknowledge my appreciation for their services and contribution to the business enterprise.

### ITEM VI

All the rest residue, and remainder of my estate, both real and personal, of whatever nature and wherever situated, which I own or have the right to dispose of upon my death, including property over which I have a power of appointment that has not otherwise been exercised, I give, devise, and bequeath to my beloved wife, Verda Johnson Hoelzer, and to her heirs, successors and assigns. If my wife fails to survive me, then I give her share equally to her children, Gary Stivers and Wendy Curran, and to their respective heirs, successors, and assigns.

### ITEM VII

I hereby nominate and appoint my wife, Verda Johnson Hoelzer, to serve as Executrix of this my Last Will and Testament. In the event that Verda Johnson Hoelzer is



unable or declines to serve as such fiduciary, I then nominate my stepdaughter, Wendy Curran to serve as Alternate Executrix.

I direct that no bond or security of any kind be required of my fiduciary or the designated alternate.

## ITEM VIII

In addition to the powers conferred by the laws of the State of Ohio, I authorize my Executrix (or alternate) to compound, compromise, settle and adjust all claims against and demands in favor of my estate; and to sell at private or public sale at such prices and upon such terms of credit or otherwise as she may deem best, the whole or any part of my real or personal property, and to execute, acknowledge and deliver deeds, and other proper instruments of conveyance thereof to the purchaser or purchasers. My Executrix is further authorized to do any and all things necessary, including the execution of a deed to complete a contract of sale for real or personal property which I may have entered into during my lifetime. I further authorize my Executrix to employ a real estate broker and to pay the real estate commission becoming due on the sale of property. No purchaser from my Executrix need see to the application of the purchase money to or for the purpose of the Trust, but the receipt of my Executrix shall be a complete discharge and acquittance therefore.

I further direct my Executrix to engage the professional services of my longstanding attorney, Jack F. Grove, in the administration of this estate and settlement of finances and to serve as an advisor, and as an advocate as may be appropriate to the circumstances.

October 23, 2020 - Final            5

*nen*

### ITEM IX

If any beneficiary named herein or next of kin shall, directly or indirectly, under any pretense or for any cause or reason whatsoever, oppose the probate of my Last Will and Testament including any Codicil thereto; or institute, abet, take, or share, directly or indirectly, in any action of proceeding against my estate to impeach, impair, set aside, or invalidate any of the provisions of my Last Will and Testament including any Codicil thereto, or make any agreement, direct or indirect, in connection with any of the foregoing, with any person instituting, abetting, taking or sharing in such action directly or indirectly, I do hereby revoke any and all dispositions, devises, bequests, trusts, or other provisions to or for the benefit of any such person, and the issue of such person, and I direct that any such devises, bequests, trusts, or other provisions to or for the benefit of any such person, shall become part of my residuary estate; except that if such person shall be entitled to share in my residuary estate, then the share of such person shall be disposed of as if such person had predeceased me without leaving issue surviving me.

### ITEM X

Should any person or persons who would take under this Will, but for this provision, fail to survive me by more than ninety (90) days, such person or persons shall be deemed to have predeceased me for the purpose of construing all of the terms of this instrument.

**IN WITNESS WHEREOF**, I have subscribed my name to this Last Will and Testament, hereunto set my hand to this my Last Will and Testament, consisting of seven (7) typewritten pages this 14th day of November, 2020.

October 23, 2020 - Final                                6



_____
Ned C. Hoelzer

The foregoing instrument consisting of seven (7) pages, including this execution page, was at Hanover Township, Ohio, on the date last above mentioned, in our joint presence, sight and hearing by Ned C. Hoelzer signed, acknowledged, published and declared as and for his Last Will and Testament, he then in our opinion being of lawful age and of sound and vigorous mind and memory and under no undue influence or restraint; whereupon we did immediately then, there and in his presence and in the presence of each other, subscribe our names as attesting witnesses as he requested us to do.

_____ residing at 3143 Millville-Oxford Rd, Oxford, Oh 45056

_____ residing at Oxford, Ohio

This instrument prepared by:

Jack F. Grove
Attorney at Law
1251 Nilles Road, Suite 10
Fairfield, Ohio 45014
Telephone: (513) 829-2900
Facsimile: (513) 829-7538
E-mail: jgrove1251@gmail.com

October 23, 2020 - Final                    7